IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| WILLIAM THOMASSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNION PACIFIC RAILROAD, )<br>COMPANY. )<br>Defendant. )<br>) | Cause No.: |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Plaintiff, William Thomasson, by and through his attorneys of record, The Law Office of H. Chris Christy, and for his complaint against the Defendant, Union Pacific Railroad Corporation, hereby states the following:

## PARTIES

1.  This is an action arising under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. §§ 51 et seq., to recover damages for personal injuries sustained by the Plaintiff.

2.  Plaintiff, William Thomasson, is a resident of Little Rock, Pulaski County, in the State of Arkansas.

3.  Defendant, Union Pacific Railroad Corporation ("Union Pacific"), is now, and at all times mentioned in this complaint was, a Delaware corporation, with tracks, officers, and primary offices and principal place of business in the City of Omaha, County of Douglas, State of Nebraska.

4. William Thomasson was employed as a Switchman by Union Pacific and as such was in the scope and course of his employment and engaged in switching operations at the time of the occurrence complained of here. The injuries complained of in this Complaint were sustained within the course of that employment.

5. At all times mentioned herein, the Defendant was a common carrier of freight for hire by rail and was engaged in interstate commerce.

6. At all times mentioned herein, the Plaintiff and the Defendant were engaged in interstate commerce or in activities that substantially affected and were in furtherance of interstate commerce.

## JURISDICTION AND VENUE

7. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) and (c) in that Defendant Union Pacific is a Delaware corporation which resides in and is subject to personal jurisdiction in the District of Nebraska in that they have regular and systematic contacts with this District.

8. Plaintiff's rights and remedies against Defendant Union Pacific arise under the FELA, 45 U.S.C. §51 et seq., and the jurisdiction of this Court is invoked under provisions of said Act.

## FACTS

9. Plaintiff hereby incorporates by reference paragraphs 1 through 8 above.

10. That on or about February 7, 2019, at or near North Platte, NE, at the Defendant railroad's direction and using the equipment provided by Defendant railroad, Plaintiff was instructed to, and was engaged in, conducting switching operations on Defendant's trains. Plaintiff was required to pull pins on the coupling units of cars for completion of his assignments. While engaged in this operation, the uncoupling lever stuck on a tank car and failed to uncouple the unit. Plaintiff was

forced to pull forcefully on the lever. Immediately upon applying more force to the uncoupling lever, Plaintiff felt pain radiate from his neck down into his arm and hand.

11. Plaintiff continued to work, but due to continued pain, he contacted yardmaster Lester Sheets and reported that he had been injured by the defective uncoupling lever.

12. Plaintiff went to the on-duty Union Pacific nurse and received minor treatment to his neck and shoulder.

13. Plaintiff sought medical treatment the following day at Great Plains Health and was prescribed physical therapy.

14. Plaintiff continued to work during his physical therapy, but due to increasing pain and inability to perform his duties, Plaintiff resigned from his position with Union Pacific on March 6, 2019.

15. Plaintiff moved to Little Rock, AR following his resignation from Union Pacific and continued seeking medical treatment at University of Arkansas for Medical Sciences.

16. Plaintiff underwent cervical surgery at UAMS.

## COUNT I – FEDERAL EMPLOYERS' LIABILITY ACT (FELA) NEGLIGENCE

17. Plaintiff hereby incorporates by reference paragraphs 1 through 16 above.

18. During the course of Plaintiff's employment and at the relevant times, the Defendant was engaged in business as a common carrier by rail, and all or part of Plaintiff's duties were in the furtherance of interstate commerce, wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act ("FELA"); 45 U.S.C. § 51, *et seq*.

19. Under the FELA, the Defendant Railroad was charged with a continuing non-delegable duty to exercise reasonable and ordinary care to maintain a reasonably safe workplace for its employees, including Plaintiff.

20. The Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the FELA"

    a) Defendant failed to furnish Plaintiff with a reasonably safe place in which to work;

    b) Defendant failed to provide reasonably safe methods for work;

    c) Defendant failed to furnish Plaintiff with necessary and proper supervision in the performance of his assigned duties;

    d) Defendant failed to warn Plaintiff of reasonably foreseeable hazardous conditions existing with Defendant's equipment;

    e) Defendant allowed unsafe practices to become the standard practice;

    f) Other acts and omissions that may be shown at the time of trial.

21. As a causal result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of Union Pacific, Plaintiff suffered personal injury to his neck and left arm, which rendered him permanently impaired and unable to return to his railroad occupation or to similarly skilled employment offering comparable wages and benefits.

22. Plaintiff has suffered physical pain, mental anguish, worry and anxiety. Due to the permanent nature of his injuries, Plaintiff will be forced to suffer the same for the remainder of his life. His physical abilities, stamina, and his ability to work have been greatly reduced. He further alleges that as a result his injuries, he has been forced to incur medial expenses by way of doctor, hospital, nursing and drug bills.

23. Plaintiff was a strong and able bodied man prior to February 7, 2019 but has suffered economic loss by way of lost earning capacity in the past, lost earning capacity in the future and by his diminished ability to render services, society, and support to his household and family.

## NEGLIGENCE PER SE

24. Certain regulations and standards were in force and prescribed by the Secretary of Transportation under title 49 and are deemed to be a statute under section 53 and 54 of the FELA.

25. Defendant violated multiple statutes and regulations that caused or contributed to Plaintiff's injuries. Pursuant to 45 U.S.C. § 54a, such violations automatically constitute negligence and the defendant railroad should be held strictly liable.

## COUNT II – VIOLATION OF 49 U.S.C. § 20301 – Safety Appliance Act

26. The Safety Appliance Act requires railroad carriers to use railcars that are equipped with certain "safety appliances," 49 U.S.C. § 20301. Such safety equipment includes properly functioning automatic couplers, 49 U.S.C. § 20302.

27. As identified in this Complaint, on or around February 7, 2019, Plaintiff was performing his normal duties as instructed and trained by the Defendant to operate uncoupling levers to separate railcars. The coupler that Plaintiff was trying to operate was defective and required excessive force to operate, in violation of 49 U.S.C. § 20302.

28. As a result of Defendant's failures, in whole or in part, Plaintiff was injured and suffered damages as alleged in this Complaint

29. In accordance with the terms of 45 U.S.C. § 54(a), Defendant has forfeited the defense of comparative fault and is not entitled to any oddest or reduction in Plaintiff's damages, as may be determined by the finder of fact in this case.

## DAMAGES

30. As a result of the injuries set forth in this Petition, Plaintiff has been damaged in at least the following particulars:

(a) for past and future physical pain, suffering, disfigurement, disability, and loss of enjoyment of life;

(b) for mental and emotional suffering, and apprehension, experienced by Plaintiff since the date of his injury until the time of trial and which is likely to continue in the future;

(c) for Plaintiff's loss of earning capacity and benefits up until the time of trial and in the future;

(d) for reasonable and necessary cost of medical, drug, surgical, and rehabilitation expenses incurred or paid by Plaintiff, or otherwise on his behalf, as a result of the injuries suffered on February 7, 2019, and for medical expenses that are reasonably likely to accrue in the future;

(e) for the value of Plaintiff's household services that he has been unable to provide, past and future; and

(f) in such other and further ways as may be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMESIS CONSIDERED, Plaintiff prays that the defendant be cited to appear and answer herein and that upon final hearing, judgment be rendered in favor of this Plaintiff and against this Defendant, together with post-judgment interest and his costs herein expended.

PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY JURY.


Respectfully submitted,

/s/James R. Ferguson
LAW OFFICE OF H. CHRIS CHRISTY
Main Office
201 W. Broadway, Ste G-12
North Little Rock, AR 72114
Telephone: (501) 758-0278
Facsimile: (501) 758-0480
Jferguson.raillaw@gmail.com

*ATTORNEY FOR PLAINTIFF*